Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & HUNSICKER LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

Attorneys for Appellees CWT Canada II Limited Partnership
and Resource Recovery Corporation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) <br> ) <br> DENNIS MEYER DANZIK, ) <br> ) <br> Debtor. ) <br> _____ ) <br> ) <br> ) <br> DENNIS MEYER DANZIK ) <br> ) <br> Appellant, ) <br> vs. ) <br> ) <br> CWT CANADA II LIMITED PARTNERSHIP ) <br> AND RESOURCE RECOVERY ) <br> CORPORATION ) <br> ) <br> Appellees. ) | Case No. 17-20934 <br>     CHAPTER 11 <br><br><br><br><br><br> Adversary No. 18-02007 <br> Appeal No. 2:19-cv-00066-NDF |

## MOTION TO STRIKE ITEMS IMPROPERLY DESIGNATED PURSUANT TO RULE 8009(e)(1)

Creditors CWT Canada II Limited Partnership ("CWT Canada") and Resource Recovery Corporation ("RRC") (the "CWT Parties"), by and through their undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 8009(e)(1), ask the Court

to enter an order striking certain items from Debtor's (or, Appellant's) Designation of the Record on Appeal [Doc. 44], and in support thereof show the Court as follows:

## BACKGROUND

1. On May 24, 2018, the CWT Parties filed their Motion for Partial Summary Judgment (the "Motion for Summary Judgment"). [Doc. 11.]

2. On March 18, 2019, the Court entered its Memorandum Decision and Order Granting in Part and Denying in Part, CWT Parties' Motion for Partial Summary Judgment (the "Memorandum Decision and Order"). [Doc. 38.]

3. On March 27, 2019, Debtor Dennis Meyer Danzik ("Debtor" or "Appellant") filed his Notice of Appeal and Statement of Election [Doc. 40], in which he identified the subject of the appeal as "The bankruptcy court's Memorandum Decision and Order Granting in Part and Denying in Part, CWT Parties' Motion for Partial Summary Judgment at docket no. 38 entered in the adversary case on March 18, 2019." [Doc. 40 at 2.]

4. On April 10, 2019, Debtor filed Appellants Designation of the Record on Appeal ("Debtor's Designation" or "the Designation"). [Doc. 44.]

5. Debtor's designated the following as the record on appeal:

   - The docket entries kept by the bankruptcy clerk at docket 17-20934 and 18-02007;

   - Those Docket no.'s marked with an " X " on the attached adversary Proceeding #18-02007 docket summary.

   - The transcript of the August 15TH, 2018, hearing on summary judgment (downloaded and contracted)

   - Docket no. 97 in the base case, Debtor's objection to the proof of claims filed by the appellee in this case.

- Adversary Docket no. 38 MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART CWT PARTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT.

Debtor's Designation at 1–2.

6. The CWT Parties submit that the Designation improperly designates certain items. In particular: "[t]he docket entries kept by the bankruptcy clerk at docket 17-20934", "Docket no. 97 in the base case", and "Debtor's objection to the proof of claims filed by the appellee in this case" (collectively, "the Items"). The Items are improperly designated because they were not entered into evidence or otherwise submitted to the Court in connection with the Motion for Summary Judgment. Neither did the Court consider the Items in entering its Memorandum Decision and Order. Accordingly, under Federal Rule of Bankruptcy Procedure 8009(e)(1), the CWT Parties ask the Court to strike the Items from the Designation.

## AUTHORITY AND ARGUMENT

7. Federal Rule of Bankruptcy Procedure 8009 provides that "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal . . . ." This Rule further provides:

> If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. If any item has been improperly designated as part of the record on appeal, a party may move to strike that item.

Fed.R.Bankr.P. 8009(e)(1). Note that this Rule "does not set forth the circumstances describing when an item has been 'improperly designated' or what analysis should be done

in making this determination." *In re Digerati Techs., Inc.*, 531 B.R. 654, 660 (Bankr. S.D. Tex. 2015).

8. Rule 8009 was adopted in December 2014, and replaced Rule 8006, which is the previous rule that addressed the designation of items for the record on appeal. *Id.*

9. Like Rule 8009, old Rule 8006 also did not provide the standards or analysis that courts should apply to determine whether an item was improperly designated. *Id.* ("A review of the above-referenced language reveals that Rule 8006—just like Rule 8009—contained no express guidelines as to how disputes over designation of items for an appeal should be resolved.").

10. Nevertheless, courts applying old Rule 8006 developed standards for when an item was improperly designated and should be struck. *See, e.g.*, *id.* at 660–65 (reviewing cases applying Rule 8006 and striking or otherwise disregarding items that were improperly designated); *Rocin Liquidation Estate v. Greyhound Bus Lines* (*In re Rocor Int'l, Inc.*), No. WO-05-087, 2006 Bankr. LEXIS 166 (B.A.P. 10th Cir. Feb. 10, 2006) ("Evidence not before the lower court may not be considered by an appellate court, unless the lower court improperly excluded such evidence.").

11. Because Rule 8009 does not set out new standards—or any standards—for making such a determination, bankruptcy courts should look to cases applying old Rule 8006 when applying Rule 8009. *See In re Digerati Techs., Inc.*, 531 B.R. at 660 ("Rule 8009(e)(1) does not set forth the circumstances describing when an item has been 'improperly designated' or what analysis should be done in making this determination. Therefore, this Court will look to case law interpreting the predecessor to Rule 8009.").

12. Under old Rule 8006, the Bankruptcy Appellate Panel for the 10th Circuit addressed whether main case docket entries are properly designated in the appeal of an adversary case. *Rocin Liquidation Estate v. Greyhound Bus Lines* (*In re Rocor Int'l, Inc.*), No. WO-05-087, 2006 Bankr. LEXIS 166 (B.A.P. 10th Cir. Feb. 10, 2006). In short, the Tenth Circuit Bankruptcy Appellate Panel concluded that the item was improperly designated if it was (1) not submitted into evidence, (2) not improperly excluded from evidence by the court, or (3) not considered by the court:

> Generally, an appellate court may consider evidence which was before the lower court. Evidence not before the lower court may not be considered by an appellate court, unless the lower court improperly excluded such evidence. At the same time, all docket entries before the lower court must be submitted to the appellate court. This requirement works in tandem with Federal Rule of Evidence 201(d), which allows a court to take judicial notice of its own records.
>
> Greyhound is attempting to include discovery requests from Rocin to Greyhound, and its proof of claim as part of the record before this Court. Rocin objects and moves to strike those exhibits from the record, arguing that neither of these documents were before the Bankruptcy Court.
>
> The discovery requests were neither offered nor received by the Bankruptcy Court as evidence. Accordingly, this Court may not consider the discovery requests for the first time on appeal. Rocin's motion to strike should be granted as to the discovery requests.
>
> The Bankruptcy Court denied Greyhound's motion to take judicial notice of its proof of claim. As the proof of claim was part of the Bankruptcy Court's record in Rocin's main bankruptcy case, the Bankruptcy Court had discretion to admit the proof of claim into its evidentiary record. Nevertheless, the Bankruptcy Court refused to exercise that discretion.

*Id.* at *9–11. Accordingly, the Tenth Circuit Bankruptcy Appellate Panel granted the motion to strike. *Id.* at *11.

13. Here, the Items are improperly designated. First, there was no evidentiary hearing on the Motion for Summary Judgment at which Debtor could have submitted the docket entries into evidence. Further, the Items were not attached to any pleading filed by the Debtor. If Debtor wanted the Items before the Court, he could have submitted them as a part of his response. He did not do so. *See* Memorandum Decision and Order at 4 ("Danzik filed a response to this Motion but did not dispute any of the undisputed facts set forth in CWT's pleadings nor did he file any affidavits or other documents with his response."). Second, because Debtor did not even attempt to submit the Items to the Court, the Court could not have improperly excluded the items. Finally, a review of the Memorandum Decision and Order shows that the Court did not take judicial notice of, or otherwise consider, the Items in ruling on the Motion for Summary Judgment. Because the Items were not before this Court in rendering its decision, they should not be before the appellate court in reviewing that decision. *See In re Rocor Int'l, Inc.*, 2006 Bankr. LEXIS 166 at *10 ("Evidence not before the lower court may not be considered by an appellate court . . . ."). The Court should strike the Items from the Designation.

14. Finally, the Tenth Circuit Bankruptcy Appellate Panel has ruled that main case entries should not be automatically designated in an adversary appeal and must be struck unless they were entered into evidence or considered by the Bankruptcy Court in rendering its decision. *See id.* at *10–11. The CWT Parties submit that this Court should follow the Tenth Circuit Bankruptcy Appellate Panel and strike the Items from Debtor's Designation under Rule 8009(e)(1).

## CONCLUSION

**WHEREFORE**, the CWT Parties ask the Court to enter an order striking the Items from Debtor's Designation.

Dated:      Cheyenne, Wyoming
            April 19, 2019

Respectfully submitted,

**CWT Canada II Limited Partnership and Resource Recovery Corporation,** *Appellees*

**MARKUS WILLIAMS YOUNG & HUNSICKER LLC**

*By: /s/ Bradley T. Hunsicker*
Bradley T. Hunsicker, #7-4579
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

*Attorneys for Appellees CWT Canada II Limited Partnership and Resource Recovery Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served on April 19, 2019, *electronically,* via the Court's CM/ECF system upon the following parties who have entered their appearance in the above-captioned matter.

**Ken McCartney**
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
bnkrpcyrep@aol.com
*Attorney for Debtor*

                                            */s/ Bradley T. Hunsicker*
                                            Bradley T. Hunsicker