KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Email: bnkrpcyrep@aol.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

**Appeal No. 2:19-cv-00066-NDF**

| | |
|---|---|
| In re:<br>　　DENNIS MEYER DANZIK,<br><br>　　　　　　　　　　Debtor. | Case No. 17-20934<br>CHAPTER 11 |
| Dennis Meyer Danzik,<br>　　　　　　Appellant,<br>　　v.<br>CWT Canada II Limited Partnership and Resource Corporation,<br>　　　　　　Appellees. | Adversary No. 18-02007 |

**APPELLANT'S RESPONSE TO THE MOTION TO STRIKE ITEMS IMPROPERLY DESIGNATED ON APPEAL**

COMES NOW the Appellant, Dennis M. Danzik, by counsel, Ken McCartney of The Law Offices of Ken McCartney, P.C. and in response to the CWT Party's Motion to Strike offers the following:

1. The Appellee requests three items be stricken from the record on appeal;

    a. The base case docket entries.

    b. Doc # 97 in the base case.

    c. And the Debtor's objection to proof of claim filed by CWT Parties.

2. It cites basically *Rocin Liquidation Estate v. Greyhound Bus Lines (In re Rocor Int'l, Inc.)* No. WO 05-087 (B.A.P 10th Cir. Feb 10, 2006) for the proposition that only evidence before the court lower court, or improperly excluded by the lower court, or actually considered by the lower court may be considered by an appellate court.

3. *Rocin* disallowed discovery submitted but never filed with the court.

4. *Rocin* provided that "***At the same time, all docket entries before the lower court must be submitted to the appellate court. * * *" [quoting from page 5 line 11 of the Movant's Motion]. This quote is without qualifications to whether the docket in the base case or the adversary case constitutes "all docket entries."

5. Presently Rule 8009, which replaced rule 8006, governs the submission of the record on appeal. It provides for the inclusion of the docket entries kept by the bankruptcy clerk; (8009(a)(4), again without reference to which of the two dockets might be included in "the docket entries."

6. The CWT Parties assert the lower court did not consider the court docket in its decision. I do not know what the lower court considered, that court does not have to specify what it considers. We do know that the court may take judicial notice of any filing on the docket.

7. A quick look at earlier bankruptcy rules will shed some light here. L.R. 8007-1(a)(1), *circa.* March 2002 discussed Preliminary Transmission of the record on

appeal and directed it to include "***the bankruptcy court docket entries in the case and the adversary proceeding, if applicable:***"

8. There is certainly nothing in the current appellate rules eliminating the once welcome, nay, required base case docket. It is available to the lower court and should not be excluded when one party respectfully chooses to have it included. It has a great deal of bearing on what the lower court was considering when the decision on appeal was reached.

WHEREFORE the Appellant requests the Motion to Strike be denied.

Done this 13th day of May, 2019.

    Respectfully submitted
    For the Appellant


/s/ Ken McCartney
KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Fax; (307) 635-0585
Email: bnkrpcyrep@aol.com

**Certificate of Service**

The foregoing was electronically served this 13th day of May, 2019, to all those who have appeared in the case with electronic noticing which includes multiple counselors for the Appellee.

    /s/ Ken McCartney